IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH SCOTT,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CANDICE JOHNSON,<br><br>　　　　　　Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-4654 (JBS)<br><br>**OPINION** |

APPEARANCES:

Joseph Scott, Petitioner pro se
04194-015
Fairton
Federal Correctional Institution
PO Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge:**

## I.　INTRODUCTION

　　Joseph Scott, a federal prisoner confined at FCI Fairton, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1. For the reasons expressed below, the petition is dismissed for lack of jurisdiction.

## II.　BACKGROUND

　　Petitioner was sentenced in the United States District Court for the District of Delaware in 2000 after a jury convicted him of possession of cocaine with intent to distribute

and conspiracy to distribute cocaine, 21 U.S.C. § 841(b)(1)(c), 846. Petition at 3. The sentencing court determined Petitioner met the definition of a career offender under the Guidelines due to two Delaware state convictions and sentenced him to a 360-month period of incarceration followed by a five-year period of supervised release. *Id.* at 2-3. The Court of Appeals for the Third Circuit affirmed the convictions but vacated the term of supervised release in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at 4 (citing *United States v. Scott*, 259 F.3d 717 (3d Cir. 2001) (Table)). The sentencing court resentenced Petitioner to 360-months incarceration followed by three years of supervised release. *Id.*

Petitioner filed this § 2241 petition on June 23, 2017. He argues he cannot be considered a career offender due to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the Armed Career Criminal Act ("ACCA") if an element of the crime of conviction is broader than an element of the generic offense). He asks the Court to resentence him without the career offender enhancement.

**III. STANDARD OF REVIEW**

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings

and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. ANALYSIS**

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir.

2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner does not argue that he is innocent of the offenses for which he was convicted. Instead, he asserts the career offender sentencing enhancement no longer applies to his sentence due to an intervening change in law. "[B]ecause he is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241." *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014). *See also United States v. Brown*, 456 F. Appx. 79, 81 (3d Cir. 2012) (per curiam) (holding prisoner not entitled to proceed under § 2255's "safety valve" when he "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012). The Court therefore lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he must seek permission from the United States Court of Appeals for the Third Circuit in order to bring a second or successive petition under 28 U.S.C. § 2255(h). 28 U.S.C. § 2244. The Court finds that it is not in the interests of justice to transfer this habeas petition to the Third Circuit as Petitioner already has a § 2244(b) motion pending in that court. *In re Joseph Scott*, No. 16-1947 (3d Cir. stayed May 4, 2017). Nothing in this opinion, however, should be construed as expressing any view of the merits of the § 2244(b) motion presently pending in the Court of Appeals.

## V. CONCLUSION

For the reasons stated above, the petition is dismissed for lack of jurisdiction.

An accompanying Order will be entered.

**September 13, 2017**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       U.S. District Judge